### Third Department, December, 1974

## (December 4, 1974)

In the Matter of the Application of MONROE COUNTY LEGAL ASSISTANCE CORP., Petitioner, For Renewal and Extension of this Court's Approval of Petitioner's Office in Sullivan County.— Application pursuant to subdivision 5 of section 495 of the Judiciary Law for a further extension of approval for maintenance of petitioner's office in Sullivan County. Application denied, without costs. The history of petitioner's OEO-funded office is detailed in our decisions in *Matter of Westchester Legal Servs.* (37 A D 2d 1024) and *Matter of Ostrander* v. *Wyman* (41 A D 2d 580, mot. for lv. to app. den. 31 N Y 2d 647). In *Westchester* we denied approval of establishment of a legal services office in Sullivan County by Westchester Legal Services, Inc., for lack of board representation by members of the legal profession in the area to be served. In *Ostrander* we construed subdivision 5 of section 495 of the Judiciary Law to require approval of the Appellate Division of the department in which an office is to be located and, consequently, disapproved petitioner's maintenance of a Sullivan County office absent our approval. Thereafter, pursuant to resolution of petitioner's board of directors, an application was made and approved. (*Matter of Monroe County Legal Assistance Corp.,* 41 A D 2d 1000.) In granting the application for a limited period, we noted that there was no other legal aid program in operation capable of handling the backlog of cases pending at that time in Sullivan County. We have since granted limited extensions of approval from time to time, the most recent for a period which will expire on December 31, 1974. In late 1973, the incorporation of the Legal Aid Society of Sullivan County, Inc., was approved and, in the interim, its office, consisting of five full-time lawyers, has become

fully operational. The Sullivan County Public Defender's office was closed and its work transferred to the Legal Aid Society, which has entered into a contract with the county to provide representation in both civil and criminal matters for indigent persons in Sullivan County. By the terms of the contract, the Legal Aid Society is obligated-to apply for Federal, State and private financial aid and, to the extent possible, any funds so obtained shall be used to reduce the county's share of the expense. Accordingly, the president of the bar association and the president of the Legal Aid Society oppose this application, contending that the society's office can adequately care for the present and anticipated future demands of indigents for all kinds of legal services in the county, as a consequence of which petitioner's office is no longer needed to furnish, as it does, legal services in civil matters only. As for petitioner's argument that a second legal services office facilitates handling cases in which there are two indigent parties, the opponents assert that for the relatively small number of such instances that occur, the bar association will appoint counsel to care for the indigent party not represented by the Legal Aid Society. Though cognizant of the limited scope of our discretion (*Matter of Thom*, 33 N Y 2d 609), we adhere to the view that a legal aid or legal services program should be responsive to and supervised by members of the legal profession in the area to be served. While petitioner's board of directors has delegated certain functions to a Sullivan County legal services committee and has added a representative from each of the three counties served by its Mid-Hudson Valley Legal Services Project to its board, the responsibility for the operation of the Sullivan County office resides, nevertheless, in its board of directors, the remainder of whom are residents of Monroe County having few or no contacts with the area in question. On balance, and considering the advantages of home rule, we feel the application should be denied. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.